IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| D.B., (a minor child) BY AND THROUGH HER LEGAL GUARDIAN, SHASHONA BECTON | § § § § | |
| | § | CIVIL ACTION NO. 4:16-cv-00965 |
| Plaintiffs, | § | |
| v. | § | |
| | § | |
| DAVID ERIC CASEBOLT, Individually, and in his Official Capacity as a Police Officer of the McKinney Police Department; THE CITY OF MCKINNEY, TEXAS; and MCKINNEY POLICE DEPARTMENT | § § § § § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, the Plaintiff, D.B. (a minor) by and through her legal guardian, Shashona Becton, and complains against the Defendants, the CITY OF MCKINNEY, particularly, the MCKINNEY POLICE DEPARTMENT and Police Officer David "Eric" Casebolt, individually and in his official capacity, for cause would show the court as follows:

## NATURE OF THE ACTION

1. This is an action brought by the Plaintiff against The CITY OF MCKINNEY and Eric Casebolt for Officer Eric Casebolt's individual use of excessive force, assault, unlawful detention resulting in the injuries to minor child, D.B. under the color of law in violation of her individual rights under the Fourth Amendment of the United States Constitution and in viola tion of her civil rights pursuant to 42 U.S.C. § 1983.

2. Plaintiff alleges that the McKinney City Council delegated with the authority for setting policies, including training of the McKinney Police officers and Chief of Police, Greg Conley ("Conley") had a duty, but failed to implement and/or enforce policies, practices and procedures

for the McKinney Police Department ("MPD") that respected D.B.'s constitutional rights to protection and equal treatment under the law. The duty to manage and train McKinney Police Officers were delegated to Chief Conley by the McKinney City Council. Defendant The CITY OF MCKINNEY, the McKinney City Council and Chief Conley's failure to implement the necessary policies and the implementation of unconstitutional policies deprived D.B. of equal protection and due process under the Fourth Amendment and caused her unwarranted and excruciating physical and mental anguish. For these civil rights violations and other causes of action discussed herein, Plaintiff seeks answers and compensation for her damages.

## PARTIES

3. Plaintiff, D.B., is a citizen of the United States and a resident of Collin County, Texas.

4. Defendant, the CITY OF MCKINNEY, is a municipality located in Collin County, Texas. The CITY OF MCKINNEY operates the McKinney Police Department (MPD). The CITY OF MCKINNEY funds and operates the MPD, which, along with the McKinney City Manager's office, Chief Conley and Mayor Brian Loughmiller are responsible for the implementation of the police department's budget, policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit. The CITY OF MCKINNEY POLICE DEPARTMENT is also responsible for preventive, investigative, and enforcement services for all citizens of the city of McKinney. The CITY OF MCKINNEY may be served with citation herein by and through its agent for service of process, Mark S. Houser, City Attorney, City of McKinney, 740 East Campbell Road, Suite 800, Richardson, Texas 75081. Additional service is being made on Mayor Brian Loughmiller, 222 N. Tennessee St. McKinney, Texas 75069.

5. Defendant, David Eric Casebolt, ("Casebolt") upon information and belief, is a resident of Collin County Texas, and at all times material herein was a police officer acting in the course

and scope of his employment for the CITY OF MCKINNEY and MPD. Defendant Casebolt may be served with citation at 4385 County Road 1006, McKinney, Texas 75071, or wherever he may be found.

## JURISDICTION AND VENUE

6. Jurisdiction exists in this court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought under, inter alia, the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983, to redress the deprivation of rights, privileges and immunities guaranteed to D.B. by constitutional and statutory provisions. Plaintiff further invokes the supplemental jurisdiction of this court pursuant to 28 U.S.C. § 1367 to adjudicate pendent claims arising under the laws of the State of Texas.

7. Venue is proper in this court under because the causes of action occurred within the Eastern District of Texas, Sherman Division.

## STATE ACTION

8. To the extent applicable, Defendant Eric Casebolt was acting under color of state law when he subjected D.B. to the wrongs and injuries hereinafter set forth.

## FACTS

9. On June 5, 2015, D.B., a minor child, who had been invited by a resident, attended a pool party at Craig Ranch, a subdivision located in the city of McKinney, Texas.

10. The CITY OF MCKINNEY Police were called to the pool party for a "disturbance." No one alleged or accused D.B. of breaking the law or committing any crime. McKinney Police Officer David "Eric" Casebolt was one of the senior officers who arrived on the scene.

11. As soon as he arrived on the scene Defendant Casebolt began yelling and shouting obscenities at the minors. Defendant Casebolt approached D.B. and several other children and

requested that they leave the area. While D.B. was leaving, as he requested, Casebolt began assaulting her.

12. Defendant Casebolt came toward D.B. with his baton raised forward. Defendant Casebolt then grabbed D.B. by the wrist and dragged her to the ground, twice violently slamming her face toward the concrete sidewalk. Defendant Casebolt pulled D.B.'s hair as he slammed her face into the ground. Defendant Casebolt then straddled D.B. thrusting one knee into her back and one knee on her neck. D.B. cried out in pain and repeated told Defendant that he was hurting her. Even after Defendant Casebolt had D.B. down on the ground beneath his entire body weight, he continued his assault on D.B. by repeatedly grabbing the back of her head and forcing her face into the ground. Defendant Casebolt remained on top of D.B. for several minutes. Defendant Casebolt shoved away teens who rushed to D.B.'s rescue. When two Black teen males came towards Ms. Becton, whose head is being pushed down by Defendant Casebolt, Casebolt drew his gun and pointed it at the two young men, who then run away.

13. At no times did D.B. attempt to harm or disobey any commands of Defendant Casebolt. Despite this, and for no lawful reason, D.B. was placed in handcuffs.

14. The entire time D.B. she could do nothing by cry out in pain and repeatedly beg for her "Momma" as she endured the pain inflicted upon her by Defendant Casebolt's physical assault. At the time, D.B. was only 15 years old and barely weighed over 100 pounds. She was wearing nothing but a bikini bathing suit.

15. Officer Casebolt used excessive force during the unlawful detention which caused D.B.'s bodily injuries. As a result of the incident and subsequent injuries, D.B. continues to suffer and is in psychological distress from the assault. No charges were ever filed against D.B.

16. Defendant Casebolt had no probable cause or reasonable suspicion to believe that Casebolt was or had committed a crime. In fact, there are eyewitnesses to the entire incident who did not see D.B. breaking any laws prior to being physically assaulted by Defendant Casebolt.

17. As a result of Defendant Casebolt's unlawful attack on D.B., D.B. sustained multiple injuries, including injuries to her back, neck, and arms.

18. Defendant, The CITY OF MCKINNEY and MPD has a record of not providing MPD officers with adequate training, not preventing excessive force by McKinney Police officers, especially as it relates to youthful offenders. Actions taken and public pronouncements by McKinney Mayor Brian Loughmiller and McKinney Police Chief Greg Conley demonstrate that the Mayor and Police Chief, as well as the McKinney City Council, are final decision-makers and policymakers for many of the customs, practices, policies and procedures complained of herein.

19. The CITY OF MCKINNEY has delegated policy-making authority and the training of the McKinney Police Officers to Chief Conley, giving him the responsibility for setting training policies. As a result of the lack of training and the official custom or policies of the MPD, several incidents have taken place in The CITY OF MCKINNEY under the direction of the McKinney City Council.

20. There exists a practice of excessive force incidents that result from the training or lack thereof, received by MPD officers. Upon information and belief, MPD officers are trained by individuals with little or no experience working in the field.

21. As aforementioned, Defendant Casebolt physically attacked D.B., using excessive force, for no lawful reasons. During this time, Defendant Casebolt and continued his assault upon by kneeing D.B. in the back, and repeatedly slamming her face into the ground.

22. There is no evidence that Defendant Casebolt was in imminent danger. There were no signs of any visible injuries or bruising to Defendant Casebolt's body that would indicate that the use of excessive force was justified. Upon information and belief, MPD officers are not provided with adequate training.

23. D.B. would show that at all times material hereto, Defendant Casebolt was acting in the scope of his employment as agent, servant, and employee of Defendant, The CITY OF MCKINNEY, specifically the MPD, within its executive branch and was performing a governmental function.

24. Plaintiff would further show that Defendant Casebolt's actions were the result of, or within the scope of, wrongful and reckless customs, policies, practices and/or procedures of the MPD in regards to the use of excessive force for which The CITY OF MCKINNEY and Chief Conley knew or should have known but never provided the requisite and proper training.

25. Moreover, no reasonably competent official would have concluded that the actions of Defendant Casebolt described herein would not violate D.B.'s rights. In other words, no reasonably prudent police officer under similar circumstances could have believed that Defendant Casebolt's conduct was justified.

26. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained substantial damages and pecuniary loss.

27. Upon information and belief, the MPD has not implemented policies and procedures to address excessive force incidents.

## EXCESSIVE FORCE
## COUNT I – 42 U.S.C. § 1983

28. Plaintiff incorporates by reference paragraphs 1 through 27 as if fully set forth herein. Plaintiff would show that Defendant Casebolt's actions on the occasion in question were

wrongful and constituted gross negligence in depriving D.B. of her constitutional rights, as alleged more fully below.

29. Plaintiff would show that at all times material hereto, Defendant Casebolt had a duty to avoid infliction of unjustified bodily injury to D.B., to protect her bodily integrity and to not trample on her constitutional rights.

30. Plaintiff would show that Defendant Casebolt failed to act as a reasonable police officer would have acted in the same or similar circumstances. That is, Defendant Casebolt, without justification and the need to do so, grabbed and slammed D.B. to the ground and used excessive force as described above and injured D.B. without probable cause and/or legal justification. D.B. never made any threatening gestures towards the Defendant Casebolt and could not escape the physical assault.

31. Defendant Casebolt's actions were not objectively reasonable because he followed a procedure designed to inflict excessive force in restraining a minor child in a non-life threatening situation.

32. Plaintiff would show that the Defendant Casebolt denied D.B. her right to be free from deprivation of her rights without due process of law, in violation of the Fourth Amendments to the United States Constitution. Plaintiff would further show that Defendant Casebolt was acting within the custom, policy, practice and/or procedures of the MPD in regards to the use of excessive force as authorized and/or ratified by the McKinney City Council and Chief Conley at the time of the incident.

33. The force used by the Defendant Casebolt was unnecessary and unreasonable under the circumstances, as D.B., namely cooperating with Defendant Casebolt, did not require the use of such excessive force. D.B. was complying with the instructions given by Defendant Casebolt

when Defendant Casebolt for no lawful reason attacked her. Defendant Casebolt had no probable cause to suspect that a crime was being committed or that her conduct was reasonable. Plaintiff would further show that as a result of these violations of D.B.'s rights, Plaintiff has suffered damages within the jurisdictional limits of this court.

## THE CITY OF MCKINNEY' FAILURE TO TRAIN
## COUNT II – 42 U.S.C. § 1983

34. Plaintiff incorporates by reference paragraphs 1-33 as if fully set forth herein.

35. Defendant Casebolt, acting under color of law and acting pursuant to customs, practices and policies of The CITY OF MCKINNEY and the MPD in regards to the use of excessive force as authorized and/or ratified by Chief Conley deprived D.B. of rights and privileges secured to her by the Fourth Amendment to the United States Constitution and by other laws of the United States, by failing to provide proper training in the use of deadly force and foot pursuits in violation of 42 U.S.C. § 1983 and related provisions of federal law and in violation of the above cited constitutional provisions. The MPD and Chief Conley deliberate indifference in failing to train based on the obviousness of the need for training has resulted in a number of assault claims, including D.B.

36. With respect to the claims made the basis of this lawsuit, The CITY OF MCKINNEY and the MPD failed to adequately train its employees regarding the use of excessive force. This failure to train its employees in a relevant respect reflects a deliberate indifference to The CITY OF MCKINNEY, the McKinney City Council, MPD and Chief Conley to the rights of the city's inhabitants and is actionable under 42 U.S.C. § 1983.

37. Defendant The CITY OF MCKINNEY and MPD under the direction of the McKinney City Council and Chief Conley developed and maintained a policy of deficient training of its police force in the use of force, including the use of excessive force in the apprehension of

individuals. The CITY OF MCKINNEY's training is designed and implemented by of the McKinney City Council and Chief Conley to act in this regard. The actual practice or custom of the MPD regarding the use of deadly force was to use force and ask questions later.

38. The CITY OF MCKINNEY and the MPD's failure to provide adequate training to its police officers regarding the use of excessive force reflects deliberate indifference by of the McKinney City Council and Chief Conley and reckless and conscious disregard for the obvious risk that officers would use excessive or deadly force on citizens and made the violations of D.B.'s constitutional rights, a reasonable probability.

39. Plaintiff would show that Defendant Casebolt's actions were the result of, or within the scope of, wrongful and reckless customs, policies, practices and/or procedures for which The CITY OF MCKINNEY and of the McKinney City Council and Chief Conley knew or should have known but never provided the requisite and proper training.

40. Upon information and belief, Defendant The CITY OF MCKINNEY, MPD, the McKinney City Council and Chief Conley, acting through official policies, practices, and customs, and with deliberate, callous, and conscious indifference to the constitutional rights of D.B. failed to implement the policies, procedures; and practices necessary to provide constitutionally adequate protection and assistance to D.B. during her struggle to survive the assault and implemented policies, procedures, and practices which actually interfered with or prevented with or prevented D.B. from receiving the protection, assistance and care she deserved.

41. For instance, the following conduct, policies, and customs, inter alia, by Defendants violated D.B.'s constitutional rights:

    a.    The CITY OF MCKINNEY' and the MPD failure to adequately train or discipline its officers;

b. Defendants' policy on the use of deadly force, which encourages officers to use force first and ask questions later;

c. Defendants' foot pursuit policy;

d. Failing to recognize officers with emotional problems based on prior violations;

e. Failure to conduct the type of investigation that would have been conducted had he not been a minority in a predominately non-minority neighborhood; and

f. Failure to get more police employees properly trained to professionally handle foot pursuits.

42. In addition, the McKinney City Council, and Chief Conley as applicable, failed and refused to implement customs, policies, practices or procedures, and failed to train its personnel adequately on the appropriate policies, practices or procedures regarding the use of excessive force or when and how to initiate a foot pursuit. In so doing, Defendant, the CITY OF MCKINNEY knew that it was acting against the clear dictates of current law, and knew that as a direct consequence of their deliberate decisions, the very situation that occurred – i.e., D.B.'s injuries – in all reasonable probability would occur.

43. The CITY OF MCKINNEY and the MPD's failure to properly train its police officers regarding the use of force under the authority of the McKinney City Council and Chief Conley was the proximate cause of the violations of D.B.'s constitutional rights.

## FALSE ARREST
## COUNT III – 42 U.S.C. § 1983

44. Plaintiff incorporates by reference paragraphs 1 through 43 as if fully set forth herein.

45. Additionally, and in the alternative, Plaintiff would show that Defendant Casebolt's actions were objectively unreasonable and done in bad faith in that he detained D.B. without probable cause, after tackling her to the ground. D.B. did not commit a crime as the evidence

would show. Plaintiff would further show that she has suffered damages within the jurisdictional limits of this court as a result of the wrongful arrest and that such arrest was done under color of law. Plaintiff would show that Defendant Casebolt was acting within the official customs, policies, practices and/or procedures in regards to the use of excessive force as authorized and/or ratified by the McKinney City Council at the time of the incident. Plaintiff would additionally show that such wrongful arrest was done in violation of Casebolt's rights under the Fourth Amendment of the United States Constitution, as incorporated to the states by the Fourteenth Amendment, and that Plaintiff has suffered damages within the jurisdictional limits of this court as a result of the violations of her rights.

46. Defendant Casebolt was acting under the color of law when he deprived D.B. of her constitutional right to be free from false arrest.

47. No charges were ever filed against D.B.

48. As a direct cause and result of the Constitutional violations by THE CITY OF MCKINNEY as set forth herein, Plaintiff incurred extreme pain and injuries for which she seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

<u>**NEGLIGENCE**</u>
**COUNT IV**

49. Plaintiff incorporates by reference paragraphs 1 through 48 as if fully set forth herein.

50. THE CITY OF MCKINNEY negligently hired Defendant Casebolt inasmuch as he is not qualified to be a peace officer in Texas.

51. As a direct cause and result of the Constitutional violations by THE CITY OF MCKINNEY as set forth herein, Plaintiff incurred extreme pain and injuries for which she seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## ASSAULT AND BATTERY
## COUNT V

52.	Plaintiff incorporates by reference paragraphs 1 through 51 as if fully set forth herein.

53.	Defendant Casebolt intentionally and without consent placed D.B. in apprehension of imminent harmful contact and caused harmful bodily contact to D.B.

54.	As a direct cause and result of the Constitutional violations by THE CITY OF MCKINNEY as set forth herein, Plaintiff incurred extreme pain and injuries for which she seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## GROSS NEGLIGENCE
## COUNT VI

55.	Plaintiff incorporates by reference paragraphs 1 through 54 as if fully set forth herein.

56.	Defendant Casebolt had a duty to employ only reasonable measures in the treatment of D.B.

57.	Notwithstanding said duties, Defendant Casebolt acted in a wanton and willful manner, exhibiting such carelessness and recklessness as to evince a conscious disregard for the safety of D.B.

58.	As a direct and proximate result of the actions of Defendant Casebolt, Plaintiff suffered pain and suffering, mental anguish and severe emotional distress.

59.	Defendant Casebolt embarked on a willful, malicious, reckless and outrageous course of conduct that was intended to cause and, in fact, caused D.B. to suffer extreme and severe mental and emotional distress, agony and anxiety.

60.	Defendant Casebolt's aggressive and violent attack on an unarmed and defenseless female child offends generally accepted standards of decency and morality.

61. Defendant Casebolt was aware that D.B. had not committed a crime and Defendant Casebolt was not facing any imminent or serious threat of bodily harm or death. Thus, he knew or should have known that he had no right to use any force whatsoever with respect to D.B. He nonetheless illegally apprehended D.B. through his use of excessive force.

62. As a direct cause and result of the Constitutional violations by THE CITY OF MCKINNEY as set forth herein, Plaintiff incurred extreme pain and injuries for which she seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## DAMAGES ALL DEFENDANTS
## COUNT VII

63. Plaintiff incorporates by reference paragraphs 1 through 62 as if fully set forth herein.

64. Defendants' acts and/or omissions were a proximate cause of the following injuries suffered by Plaintiff:

   a. Actual damages;

   b. Pain and suffering and mental anguish suffered by D.B.;

   c. Loss of quality of life;

   d. Exemplary and punitive damages as well as reasonable attorneys' fees and costs of court;

   e. Pursuant to 42 U.S.C. §1988, and other applicable laws, Plaintiff should be awarded reasonable attorney's fees for the preparation and trial of this cause of action, and for its appeal, if required;

   f. Prejudgment interest; and

   g. Post judgment interest.

65. Plaintiff seeks unliquidated damages in an amount that is within the jurisdictional limits of the court.

## PUNITIVE/EXEMPLARY DAMAGES
## COUNT VIII

66. Plaintiff incorporates by reference paragraphs 1 through 65 as if fully set forth herein. Additionally and in the alternative, the conduct of Defendant Casebolt was done with malice. As such, Plaintiff requests punitive and exemplary damages to deter this type of conduct in the future. In the alternative, such heedless and reckless disregard of D.B.'s rights, safety and welfare is more than momentary thoughtlessness, inadvertence or misjudgment. Such unconscionable conduct goes beyond ordinary negligence, and as such Plaintiff requests punitive and exemplary damages are awarded against Defendant Casebolt in a sum which is within the jurisdictional limits of this court.

## COSTS AND ATTORNEY FEES

67. Plaintiff incorporate by reference paragraphs 1 through 66 as if fully set forth herein. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b) and other applicable provisions or in equity. As such, Plaintiff requests the Court to award costs and attorney fees incurred in Plaintiff's prosecution of this litigation.

## JOINT AND SEVERAL LIABILITY

68. Plaintiff incorporate by reference paragraphs 1 through 67 as if fully set forth herein.

69. Plaintiff would show that Defendants were jointly and severally liable for the negligence and gross negligence, which was the proximate cause of Plaintiff's injuries.

## CONDITIONS PRECEDENT

70. Plaintiff reserves her rights to plead and prove the damages to which she is entitled to at the time of trial. All conditions to Plaintiff's recovery have been performed or have occurred.

## TRIAL BY JURY

71. Plaintiff has paid a jury fee and demands trial by jury.

# PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein; that upon final trial hereof Plaintiff has and recovers judgment from Defendants; actual damages, exemplary damages, pre-judgment interest at the legal rate; interest on said judgment at the legal rate; costs of court; and such other and further relief, both general and special, at law and in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

/s/ Kim T. Cole
KIM T. COLE
Texas State Bar No. 24071024
**K. COLE LAW, PLLC**
2770 Main Street, Suite 103
Frisco, Texas 75033
(214) 702-2551
(972) 947-3834 (fax)
kcole@kcolelaw.com

**ATTORNEY FOR PLAINTIFF**