# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| D.B., BY AND THROUGH NEXT FRIEND, SHASHONA BECTON; | § § § | |
| v. | § § | Civil Action No. 4:16-CV-00965 (Judge Mazzant/Judge Johnson) |
| THE CITY OF MCKINNEY, TEXAS, ET AL., | § § § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On September 8, 2017, the report of the Magistrate Judge (Dkt. #76) was entered containing proposed findings of fact and recommendations that Defendant The City of McKinney, Texas' (the "City") Motion to Dismiss and, in the Alternative, for Summary Judgment (the "Motion") (Dkt. #55) be granted in part and denied in part. Having received the report of the Magistrate Judge (Dkt. #76), having considered each of the City's timely filed objections (Dkt. #82), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #76) as the findings and conclusions of the Court.

## BACKGROUND

This lawsuit arises out of the McKinney Police Department ("MPD") investigating a disturbance and/or potential fight at a neighborhood pool party on June 5, 2015 (Dkt. #72 at 10). Plaintiff D.B. was fifteen on this date and had allegedly been invited by a resident to attend the pool party. *Id.* One of MPD's officers, David Eric Casebolt ("Casebolt"), was at the scene and is also named as a Defendant. *Id.* Casebolt detained young black males at the scene that he alleged

he suspected were committing crimes, and Casebolt eventually detained and used alleged excessive force against D.B (*see generally* Dkt. #50). D.B. filed this lawsuit against the City, alleging a Section 1983 claim for municipal liability and state law claims. *Id.*

On June 22, 2017, the City filed the Motion, arguing that D.B. failed to state a claim upon which relief can be granted for her municipal liability claims under 28 U.S.C. § 1983 and her state law claims (Dkt. #55). D.B. agreed that the motion to dismiss as to her state law claims should be granted (Dkt. #72 at 46). Thus, the report of the Magistrate Judge recommended the motion to dismiss as to D.B.'s state law claims be granted (Dkt. #76). Additionally, the report found D.B. sufficiently pleaded her Section 1983 claims against the City and recommended the City's motion to dismiss as to these claims to be denied. *Id.* Finally, in D.B.'s Amended Complaint, MPD was no longer named a Defendant; thus, the report recommended MPD be dismissed from the lawsuit.

## ANALYSIS

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)-(3). The City objects that the Magistrate Judge erred for the following reasons: (1) D.B. failed to properly plead a policy that was the driving force; (2) case law shows D.B. failed to meet her pleading burden; and (3) D.B.'s allegations "cut against" the plausibility of her claim (Dkt. #82).

**Objection 1: D.B. Failed to Properly Plead a Policy**

The City asserts essentially the same arguments in the Motion (Dkt. #55) and its reply (Dkt. #74). Specifically, the City argues D.B. has pleaded no more than negligence in regards to Casebolt's training, supervision, and discipline (Dkt. #82 at 2-5). The Court finds D.B. sufficiently pleaded her municipal liability claim against the City; thus, the City's objection is overruled.

**Objection 2: Case Law Shows D.B.'s Pleading Shortcomings**

The City argues that the cases cited in the report of the Magistrate Judge highlight D.B.'s pleading shortcomings (Dkt. #82 at 5-7). For example, in *Thomas v. City of Galveston, Tex.*, the Southern District of Texas noted that an allegation for municipal liability requires more than boilerplate allegations, but does not demand specific facts that prove the existence of a policy. 800 F. Supp. 2d at 842-43, nn.11-15. After reviewing D.B.'s Amended Complaint, the Court agrees with the report and finds D.B.'s allegations meet this balanced standard; thus, the City's objection is overruled.

**Objection 3: D.B.'s Allegations Fail to Support Plausibility of Her Claim**

The City argues that D.B.'s assertion that Chief Greg Conley called Casebolt's actions "out of control" and "indefensible" supports the implausibility of D.B.'s assertion that Casebolt was acting in accordance with MPD policy, practice, or custom (Dkt. #82 at 7-8). However, as the report noted, D.B. acknowledged that Casebolt may have been disciplined by MPD in the past, but D.B. further alleged MPD's imposed discipline was not sufficient (Dkt. #76 at 11). The Court finds that although Chief Conley may have publicly reprimanded Casebolt's actions, D.B. still sufficiently alleged a plausible claim that the City was deliberately indifferent based on all of D.B.'s allegations against the City. Thus, this objection is overruled.

## CONCLUSION

Having received the report of the United States Magistrate Judge, having considered each of the City's timely filed objections (Dkt. #82), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #76) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that the City's Motion (Dkt. #55) is **GRANTED IN PART** and **DENIED IN PART**. The City's motion to dismiss as to D.B.'s state law claims and exemplary damages is **GRANTED**. The City's motion to dismiss as to D.B.'s municipal liability and failure to train claims is **DENIED**. Further, the City's motion for summary judgment is **DENIED AS MOOT**, as it is premature. Finally, D.B.'s claims against the McKinney Police Department are **DISMISSED**.

**IT IS SO ORDERED**.
SIGNED this 30th day of September, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE