# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| D.B., BY AND THROUGH NEXT FRIEND, SHASHONA BECTON; | § § § § § § § § | |
| | | CIVIL ACTION NO. 4:16-CV-00965 |
| v. | | JUDGE MAZZANT/JUDGE JOHNSON |
| THE CITY OF MCKINNEY, TEXAS, ET AL., | | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On September 8, 2017, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations (s*ee* Dkt. #75) that Defendant David Eric Casebolt's ("Casebolt") Motion for Summary Judgment (the "Motion") (Dkt. #53) be **GRANTED IN PART** and **DENIED IN PART**. The Court recommended that Defendant Casebolt's motion for summary judgment be granted as to Plaintiff's state law claims and denied as to Plaintiff's unlawful arrest and excessive force claims pursuant to 42 U.S.C. § 1983.

Defendant Casebolt filed objections to the report (Dkt. # 83). The Court has made a *de novo* review of the objections raised by Defendant Casebolt and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

## I. BACKGROUND

This lawsuit arises out of the McKinney Police Department's ("MPD") investigation of a reported disturbance and/or potential fight at a neighborhood pool party on June 5, 2015 (Dkt. #50 at 4). D.B. ("D.B." or "Plaintiff") was a minor on this date and had allegedly been invited by a resident to attend the pool party. (Dkt #50 at 7). Defendant Casebolt is an officer for the MPD and was at the scene. *See* Dkt. #50. Plaintiff alleges that Defendant Casebolt unlawfully detained her and used excessive force in so doing (*see generally* Dkt. #50). Plaintiff filed this lawsuit against Defendant Casebolt, alleging a Section 1983 claim for false arrest and excessive force, as well as state law claims. *Id*.

On June 22, 2017, Casebolt filed the present Motion, arguing: (1) Plaintiff's Section 1983 claims for false arrest and excessive force are subject to qualified immunity; and (2) Plaintiff's claims under Texas law are barred by statutory immunity. *See* Dkt. #53. The Magistrate Judge found there were a number of genuine issues of material fact related to whether a reasonable officer would believe D.B. committed or was suspected of a crime; whether D.B. resisted or struggled when Casebolt attempted to detain or arrest her; and whether the force used was excessive to the need; and concluded that Casebolt is not entitled to qualified immunity at this stage of litigation. Casebolt does not object to the Magistrate Judge's finding that Plaintiff's state law claims are barred by the Texas Tort Claims Act. *See* Dkt. #75 at 11.

## II. DISCUSSION

### A. THE MAGISTRATE JUDGE'S RELIANCE ON THE EVIDENCE

Casebolt first objects that the Magistrate Judge improperly relied on his and Plaintiff's "subjective intentions or state of mind" to determine that Casebolt was not entitled to qualified immunity on Plaintiff's claim for wrongful detention and/or wrongful arrest under Fourth

Amendment standards. *See* Dkt. #83 at 1-5. However, the Court finds that Casebolt misconstrues the summary judgment evidence and the Magistrate Judge's reliance on that evidence to support her conclusions.

Under the federal rules, declarations may be cited as support for a factual assertion. FED. R. CIV. P. 56(c)(1)(A), (c)(4). Generally, a declarant is competent to testify when her testimony is grounded in observation or other personal experience and is not based on speculation, intuition, or rumors about matters remote from that personal experience. *See Visser v. Packer Eng'g Assocs.*, 924 F. 2d 655, 659 (7th Cir. 1991). Contrary to Casebolt's flawed interpretations, Plaintiff's statements in her declaration ("D.B. Declaration") (Dkt. 64-1) that she did not disobey Defendant Casebolt's orders to leave but rather was trying to comply (*id.* at ¶¶ 11-12) are factual statements about the events in question from Plaintiff's perspective, not "subjective intentions" as Casebolt argues.

Casebolt similarly complains that the Magistrate Judge should not have considered "subjective and immaterial" statements in Casebolt's own declaration ("Casebolt Declaration") (Dkt. 53-1), specifically statements that he ordered people to leave if they were not running or acting suspicious and then later detained D.B. because he thought she may have been involved in the disturbance and had disobeyed his orders (*id.* at ¶¶ 14, 20-21). *See* Dkt. #83 at 1-2. Although the report mentions the statements about which Casebolt complains, the report specifically states the Magistrate Judge's conclusion—that there was a factual issue surrounding D.B.'s actions as they related to reasonable suspicion to detain, or probable cause to arrest, D.B.—was based on the YouTube Video and Casebolt's Dashcam video. *See* Dkt. #75 at 17. Thus, the Court finds the Magistrate Judge's finding is properly based on evidence of the objective reasonableness of the actions in question and not the subjective intent of either

Plaintiff or Defendant. *Mangieri v. Clifton*, 29 F.3d 1012, 1017 (5th Cir. 1994). Accordingly, Defendant Casebolt's objections are **OVERRULED**.

Defendant Casebolt also objects to the Magistrate Judge's reliance on D.B.'s assertions that she was not resisting or struggling while at the same time stating she was "writhing in pain" (Dkt. 64-1, D.B. Decl. at ¶ 17). *See* Dkt. #83 at 5-6. Casebolt argues it was erroneous for the Magistrate Judge to rely on and accept D.B.'s assertion that she was not struggling or resisting. However, the report indicates the conclusion was not based on just one piece of evidence. *See* Dkt. #75 at 20. The report makes clear that the Magistrate Judge's finding was based not only on the D.B. Declaration and the Casebolt Declaration, but also on the YouTube Video and Casebolt's Dashcam video. *Id*.

Additionally, the Magistrate Judge was required to view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in her favor. *Griggs v. Brewer*, 841 F.3d 308, 312 (5th Cir. 2016) (citing *Devilee v. Marcantel*, 567 F.3d 156, 163-64 (5th Cir. 2007)). "[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (citations and quotations omitted). Although a qualified immunity defense alters the usual summary judgment burden of proof, inferences are still drawn in the plaintiff's favor. As the Fifth Circuit explained:

> Once an official pleads the defense, the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law. The plaintiff bears the burden of negating qualified immunity but *all inferences are drawn in his favor*.

*See Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (emphasis added) (internal citations omitted). Furthermore, facts evident from video recordings taken at the scene are given greater

4

weight, even at the summary judgment stage. *See Griggs*, 841 F.3d at 312 (5th Cir. 2016); *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011). Accordingly, this objection is also **OVERRULED**.

### B. UNLAWFUL DETENTION AND EXCESSIVE FORCE FINDINGS

Casebolt next complains that because the Magistrate Judge erred in her determination of a fact issue as to the unlawful detention claim, her determination as to the excessive force claim is also erroneous. *See* Dkt. #83 at 6. Although Casebolt's objection on this point is somewhat incoherent, Casebolt appears to take issue with the Magistrate Judge's finding that the cases relied upon by Casebolt to support his use of force were distinguishable and also takes issue with the cases the Magistrate Judge found to be more factually similar to the present case, and thus more persuasive. *Id.* Having reviewed the cases and considering the distinguishing factors noted by the Magistrate Judge, the Court is of the opinion that the Magistrate Judge appropriately distinguished the cases cited by Casebolt and finds the cases cited by the Magistrate Judge are sufficiently similar to the present case. *See* Dkt. #75 at 20-26. Accordingly, the Court finds the Magistrate Judge did not err in finding a fact issue as to the unlawful arrest claim and/or the excessive force claim, and this objection is likewise **OVERRULED**.

### C. PARTICULARIZED ANALYSIS OF CLEARLY ESTABLISHED LAW

Next, Casebolt argues the Magistrate Judge's analysis of *Spencer v. Rau*, 542 F. Supp. 2d 583, 591 (W.D. Tex. 2007), one of the cases cited by Casebolt, was done at an inappropriately "high level." *See* Dkt. #83 at 7. Casebolt asserts two bases for this argument: (1) The Magistrate Judge's statement that "[t]he Court finds the facts in *Spencer* are not similar enough in order to allow Casebolt to believe his actions were reasonable" (Dkt. #75 at 15); and

(2) the Magistrate Judge cited "the three elements generally recognized for an excessive force claim and stating that those elements are the basis of clearly established law" (*id*. at 18). *See* Dkt. #83 at 7.

Citing *White v. Pauly*, 137 S.Ct. 548 (2017), and *Mullenix v. Luna*, 136 S. Ct. 305 (2015), Casebolt argues the Supreme Court forbids evaluation of clearly established law at such a high level. *See* Dkt. #83 at 7. Although Casebolt accurately cites the law, his arguments are lacking any cohesive analysis, and are thus unpersuasive. In *White*, the Supreme Court reiterated "the longstanding principle that clearly established law should not be defined at a high level of generality" and "clearly established law must be particularized to the facts of the case." *White v. Pauly*, 137 S. Ct. at 552 (internal citations and quotation marks omitted). Here, Casebolt fails to provide examples of "high levels of generality" or to explain how the Magistrate Judge failed to comply with the Supreme Court's holding that clearly established law must be particularized to the facts. *See id*.

The isolated statements on which Casebolt relies to support his argument are in fact amply supported by detailed analysis. For example, the Magistrate Judge's statement that "[t]he Court finds the facts in *Spencer* are not similar enough in order to allow Casebolt to believe his actions were reasonable" (Dkt. #75 at 15) are preceded by extensive comparison of the facts in *Spencer* to those in the present case:

> In *Spencer* [ ], the Western District held that officers, who were attempting to secure the safety of a motor-vehicle accident scene, had probable cause to arrest a bystander attempting to provide assistance to victims for violation of Texas Penal Code § 38.15;
>
> The plaintiff [in *Spencer*] was a registered nurse, and the plaintiff refused to leave the motor-vehicle accident scene after the officers asked her to leave;
>
> [A]fter Casebolt asked the group of females to leave the area, D.B. asserted she did exactly as Casebolt ordered; and

6

> [A]lthough Casebolt asserted he was "concerned that [D.B.] might interfere," and that "D.B. walked right past [him]" while he was handcuffing young males, there is a fact issue as to whether it was reasonable to believe D.B. interfered with Casebolt's duties as a peace officer because Casebolt adequately detained the young black males he was investigating without any interference from D.B.

*See id*. at 14-15. Based on the foregoing, Casebolt's argument that the factual comparison to *Spencer* was too "high level" is plain wrong.

The second prong of Casebolt's particularity argument is similarly unpersuasive. Although the Magistrate Judge did in fact cite "the three elements generally recognized for an excessive force claim" as Casebolt contends, the report goes on to distinguish the cases cited by Casebolt (*see* Dkt. #75 at 20-24), as well as to present other cases that are more factually similar to the present case (*see* Dkt. #75 at 24-26), providing detailed factual comparisons of each of those cases to the present case. For example, *Britschge v. Harmison*, 947 F. Supp. 435, 438 (D.C. Kan. 1996), which the report notes is the only case presented by Casebolt involving minor children (*see* Dkt. #75 at 20), was determined to be distinguishable because in that case, alcohol was found in the car at the scene, and the plaintiff was belligerent to the police officer, repeatedly called the officer vulgar names, and refused to follow the officer's orders. *See id*. at 20-21.

The report also distinguishes *Arshad v. Congemi*, 2009 WL 585633, at *1 (5th Cir. 2009), because in that case the Fifth Circuit merely held the arrest was lawful and the plaintiff's death was not a result of the police officer's conduct; thus, there was no excessive force. *See id*. at 23-24. The report also provided factual comparison to *Cooper v. Killeen Indep. Sch. Dist.*, 2008 WL 194358, at *2 (W.D. Tex. Jan. 23, 2008), finding that, like *Cooper*, where the plaintiff denied having resisted or provided any reason for the defendant to use any force, the present case involves factual disputes which are better resolved by a jury, and therefore summary judgment is inappropriate. Because the report shows the Magistrate Judge performed the

7

required level of particularized analysis to support her finding of clearly established law, Casebolt's objections on this basis are also **OVERRULED**.

### D. BURDEN OF PROOF AND CONTROLLING AUTHORITY

Casebolt's final objection also has two prongs. First, Casebolt complains that the Magistrate Judge incorrectly placed the burden on Casebolt to show his actions were justified by controlling law when actually Plaintiff has the burden to put forth controlling authority. *See* Dkt. #83 at 6-7. Second, Casebolt contends the cases cited by the Magistrate Judge were not controlling authority. *See* Dkt #83 at 8.

As discussed above, even though a plaintiff bears the burden of negating qualified immunity, all inferences are drawn in her favor. *See Brown*, 623 F.3d at 253. "To negate a defense of qualified immunity and avoid summary judgment, the plaintiff need not present 'absolute proof,' but must offer more than 'mere allegations.'" *Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 382 (5th Cir. 2009). The report indicates the Magistrate Judge appropriately considered the allegations in Plaintiff's complaint and the evidence developed at the summary judgment stage, as well as the relevant legal authority, to reach her conclusions. Furthermore, the Magistrate Judge appropriately considered the evidence in the light most favorable to Plaintiff as the standard requires. *See Brown*, 623 F.3d at 253. Accordingly, the Court finds no error in the Magistrate Judge's finding that Plaintiff sustained her burden at this stage.

Along the same lines as his particularity argument discussed above, Casebolt cites *White* in support of his argument that the Magistrate Judge's failure to cite "controlling authority" constituted error. *See* Dkt. #83 at 8. Casebolt contends that *White* stands for the proposition that in order to demonstrate the law was "clearly established," a plaintiff must identify a published opinion addressing nearly identical facts that concludes an officer violated the Constitution. *Id*.

In *White*, the Supreme Court faulted the lower court for failing to identify a case with similar factual circumstances, but did so in the context of discussing the "unique set of facts and circumstances" presented by the case. *Id*. Because the officer's conduct did not amount to a "run-of-the-mill" constitutional violation, the Court held that a case with similar facts would be required to put the officer on notice that his conduct violated clearly established law. *Id*.

First, *White* involved a Fourth Amendment issue that is not in any way factually similar to the present case. Second, *White* does not set forth any new law, but is only a reminder to courts as to how they are to analyze qualified immunity in the context of cases alleging use of excessive force. Furthermore, as a practical matter, the standard advanced by Casebolt fails to account for the reality that the factual circumstances of each case are, by their nature, unique, and two cases seldom involve nearly identical facts. As previously explained, the resolution of the issue of qualified immunity often involves a fact-intensive inquiry by the court, especially in cases involving claims regarding the use of excessive force. Moreover, the "similar circumstances" language used by the Supreme Court in *White* simply does not support Casebolt's assertion that a case with "nearly identical" facts is required.

In *White*, 137 S.Ct. 548, the Court vacated and remanded the lower courts' denial of qualified immunity to the police officer, while in *Tolan*, 134 S. Ct. 1861, the Court vacated and remanded the lower courts' grant of summary judgment in favor of the officer who shot the plaintiff. The contrary conclusions in *White* and *Tolan* underscore the fact that resolution of a qualified immunity defense is unique to the facts of each case. A case presenting a nearly identical alignment of facts is not required so long as the existing cases would enable an officer, as a matter of reason and common sense, to understand that his or her conduct in a specific situation crossed the constitutional line. The report indicates the Magistrate Judge analyzed

appropriately similar cases, and the Court thus finds no error. Based on the foregoing, Defendant Casebolt's objections regarding Plaintiff's burden to put forth controlling law and the authority of the cases cited in the report are **OVERRULED**.

As a final note, the Court addresses Casebolt's assertion that "[t]he Magistrate [Judge] recognized the injuries which D.B. primarily relies upon are allegedly psychological injuries." *See* Dkt. 83 at 7. The Court does not agree with Casebolt's interpretation of the Magistrate Judge's analysis of D.B.'s alleged injuries and expressly declines to adopt it. D.B. is entitled to establish the extent of her injuries at trial.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Defendant Casebolt's Motion for Summary Judgment (Dkt. #53) is **GRANTED** as to Plaintiff's state law claims and **DENIED** as to Plaintiff's Section 1983 claims. Accordingly, Plaintiff's state law claims are **DISMISSED**, and Plaintiff's unlawful arrest and excessive force claims pursuant to 42 U.S.C. § 1983 shall proceed to trial.

**IT IS SO ORDERED.**

**SIGNED this 18th day of December, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE